IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER T. LOFTIN, *et al.*<br><br>                 Plaintiffs,<br><br>v.<br><br>ANDRES BANDE, *et al.*,<br><br>                 Defendants. | Case No. 2008-MC-00487 (HHK) (AK)<br><br>Judge Henry H. Kennedy<br>Magistrate Judge Alan Kay |

**MOTION FOR ADDITIONAL TIME
TO RESPOND TO
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Gibson, Dunn & Crutcher LLP ("Gibson, Dunn"), which has been served with a non-party subpoena (the "Subpoena"), respectfully requests an extension of time to and including August 29, 2008, within which to respond to the motion to compel ("Plaintiffs' Motion") filed by plaintiffs in the above-referenced matter. The grounds for this motion are as follows:

1. This miscellaneous action relates to a securities class action lawsuit currently pending in the United States District Court for the Southern District of New York, brought by the Milberg Weiss law firm (now known as Milberg LLP) on behalf certain shareholders against former officers and directors of Flag Telecom Holdings, Ltd. ("Flag"), and against an investment bank. Gibson, Dunn does not represent any party in that action, and has had no involvement in that action other than responding to the Subpoena.

2. The Subpoena was served on Gibson, Dunn on April 16, 2006—over two years and three months ago. The Subpoena seeks documents relating to work that Gibson, Dunn performed for Flag in early 2002. In response to the Subpoena Gibson, Dunn has produced over

14,000 pages of non-privileged documents, and in January 2007—over 18 months ago—provided a privilege log listing 815 documents withheld on privilege grounds.

3. In July, September and November 2007, Lauren Block of the Milberg firm and John Millian of Gibson, Dunn exchanged letters debating the contours of the attorney-client privilege and the work product doctrine, as well as the adequacy of the privilege log. This was the last substantive exchange between the two firms. *See* Exhibits 13, 14 and 15 to Plaintiffs' Motion.

4. Unsatisfied with this state of affairs, Ms. Block emailed Mr. Millian on February 20, 2008, stating: "Please be advised that we will be filing a motion to compel shortly." *See* Exhibit 16 to Plaintiffs' Motion.

5. On or about July 25, 2008—*over six months after plaintiffs stated that they would be "filing a motion to compel shortly"*—Plaintiffs' Motion was apparently hand-delivered to Gibson, Dunn.[1] Accepting this as correct, under the Court's 11-day response rule Gibson, Dunn's response to Plaintiffs' Motion is thus due today, August 5, 2008.

6. Earlier today Gibson, Dunn requested that plaintiffs agree to an extension until August 29, 2008, for Gibson, Dunn to respond to Plaintiffs' Motion, a period of 23 additional days. Ms. Block informed Mr. Millian that plaintiffs would agree only to an extension of fourteen days, because "depositions are coming up."

---

[1] This was stated to Mr. Millian by Ms. Block earlier today, who gave a time of delivery and recipient name, and Gibson, Dunn accepts this representation. Mr. Millian's secretary did not retain the envelope in which the motion was delivered, and Gibson, Dunn's records do not answer the question. The certificate of service attached to the motion stated that the motion papers were served by mail on counsel in the New York action on July 24, 2008, and makes no mention at all of service on Gibson, Dunn.

7. The Court should grant the requested extension until August 29, 2008, for the following reasons:

   a. First and foremost, additional time is needed to ensure that the response submitted by Gibson, Dunn adequately protects the interests of Flag, which is the holder of the attorney-client privilege with respect to the 815 documents at issue here and the "real party in interest" in this dispute. This will require not only that Gibson, Dunn deal with the myriad of issues raised in Plaintiffs' Motion, but also that defense counsel in the New York litigation, as well as Flag itself, have an opportunity to participate in preparing the response.

   b. In this regard, a complicating factor is that Plaintiffs' Motion seeks to rely on events that have taken place in the underlying action. *See* Memorandum in Support of Plaintiffs' Motion, at 9 ("Plaintiffs have prevailed on virtually all discovery-related issues presented to Judge Conner during discovery conferences, including among other things, assertions of privilege similar to those upon which Gibson Dunn is relying"); and at 19 (what plaintiffs refer to as the "novel assertion" by Gibson, Dunn that United Kingdom privilege law applies to communications between Flag employees in England and Flag in-house counsel in England, rather than District of Columbia law as plaintiffs assert, "has not even been made in the underlying action before Judge Conner in which there has been extensive discovery involving documents prepared or received by FLAG employees based in England"). Gibson, Dunn has no role in the underlying action, does not have any of the relevant briefing from this action, and does not know the facts behind these assertions. It will take a considerable period of time to consult with defendants' counsel in that action, obtain the relevant material, and figure out how the present dispute in fact fits in with rulings in the underlying action, so that the Court can have the benefit of both sides' views on this point.

  c. Mr. Millian, the attorney with responsibility for this matter at Gibson, Dunn and the only attorney at the firm with detailed knowledge regarding the issues, has only been in the office part time over the past week and has trips to Milwaukee, upstate New York, and St. Louis over the next two weeks, as well as a presently-scheduled court hearing in Kingsport, Tennessee, that may or may not occur.

  d. Gibson, Dunn is informed by counsel for defendants in the underlying litigation that there is as yet no fact discovery cut-off in that litigation and only one deposition is actually scheduled, for August 11 (for which the documents at issue will not be available under any scenario), with Hague Convention requests pending for three other depositions in the United Kingdom. Any notion that a serious press for time exists is thus without basis.

  e. Finally, to state the obvious, plaintiffs are in no position to complain that their Motion needs to be addressed in an expeditious manner because "depositions are coming up." Whatever the deposition schedule in the underlying case, it is completely unjustifiable for plaintiffs to wait well over six months after they *already decided* to file a motion to compel, drop motion papers 2 1/4" thick on a non-party in late July, and then state that they are in a hurry and will only agree to 14 additional days instead of 23 to respond—particularly in circumstances where it was entirely predictable that an extended period would be needed to prepare an adequate response. Apart from simply being impolite, this smacks of gamesmanship intended to prejudice the interests of Flag and of the defendants in the underlying litigation.

Accordingly, Gibson, Dunn respectfully requests that it be granted until August 29, 2008, within which to respond to Plaintiffs' Motion.

DATED this 5th day of August, 2008.

Respectfully submitted,

*/s/ John C. Millian*

John C. Millian (Bar No. 413721)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
telephone: (202) 955-8500
facsimile: (202) 530-9566
email: jmillian@gibsondunn.com

Attorney for Gibson, Dunn & Crutcher LLP

100496021_1.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, a copy of the foregoing, together with an accompanying proposed order, was served by United States mail, first-class postage prepaid, upon the following:

Stan M. Doerrer
Finkelstein Thompson LLP
The Duvall Foundry
1050 30th Street, N.W.
Washington, D.C.  20007

Brad N. Friedman
Lauren Block
Milberg LLP
One Pennsylvania Plaza
New York, NY  10119-0165

*Attorneys for Plaintiffs and for the Class*

Douglas W. Henkin, Esq.
Milbank, Tweed, Hadley &
   McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005

Jerome S. Fortinsky, Esq.
Shearman & Sterling LLP
599 Lexington Plaza
New York, NY  10022

*Attorneys for Defendant Citigroup
   Global Markets Inc.*

*Attorneys for Defendants Andres Bande,
   Edward McCormack, Edward McQuaid
   Philip Seskin, Daniel Petri, Lim Lek Suan
   and Larry Bautista*

Keith Fleischman, Esq.
Grant & Eisenhofer
485 Lexington Ave., 29th Floor
New York, NY  10017

*Attorneys for Plaintiffs in the Rahl Action*

_____
John C. Millian (Bar No. 413721)

100496021_1.DOC

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER T. LOFTIN, *et al.*<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>ANDRES BANDE, *et al.*,<br><br>　　　　　Defendants. | Case No. 2008-MC-00487 (HHK) (AK)<br><br>Judge Henry H. Kennedy<br>Magistrate Judge Alan Kay |

**[PROPOSED] ORDER GRANTING
MOTION FOR ADDITIONAL TIME
TO RESPOND TO
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Upon consideration of Gibson, Dunn & Crutcher LLP's motion for additional time to respond to motion to compel production of documents, it is hereby

ORDERED that said motion is granted, and that Gibson, Dunn & Crutcher LLP shall have to and including August 29, 2008, within which to respond to plaintiffs' motion to compel.

DATED this ____ day of August, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

100496123_1.DOC